UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-CR-00049-DCR-MAS

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                               PLEA AGREEMENT

AUSTIN MICHAEL GENAY                                                        DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 4 and 8 of the Indictment, charging violations of 18 U.S.C. § 1343, wire fraud, and 18 U.S.C. § 2261A(2)(B), stalking. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1-3 and 5-7.

2. The essential elements of Count 4 are:

   (a) The Defendant knowingly devised or intended to devise a scheme to defraud in order to obtain money or property;

   (b) The scheme included a material misrepresentation or concealment of a material fact;

   (c) That the Defendant had the intent to defraud; and

   (d) That the Defendant used interstate wire communication or caused another to use interstate wire communications in furtherance of the scheme.

3. The essential elements of Count 8 are:

   (a) That the defendant used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce.

1

    (b) That the defendant did so with the intent to harass or intimidate another person; and

    (c) That through the use of the mail, interactive computer service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

4. As to Counts 4 and 8, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) At all relevant times to the Indictment, the Defendant resided in the Commonwealth of Pennsylvania.

    (b) In 2015, the Defendant met T in an online chat room and engaged in an online consensual sexual relationship with T. The Defendant made copies of some of their messages and took screenshots of some of their online encounters to document their online sexual relationship without T's knowledge or permission. During this relationship the Defendant learned T was a resident of Kentucky, was married, and had children.

    (c) Beginning in 2015, the Defendant routinely requested money from T for a variety of reasons and T requested and paid him for online sexual content and encounters. T initially made numerous consensual payments to meet his monetary requests in a variety of increments through various electronic means of communication.

    (d) The Defendant used various mechanisms designed to facilitate the electronic transfer of funds from T including, but not limited to, Square Cash, Apple Cash, Google Wallet, and Western Union at all times relevant to the Indictment.

    (e) The Defendant frequently sent numerous unwanted and unsolicited messages daily and no less than weekly to T demanding he transfer funds to the Defendant and providing a variety of reasons for needing money.

    (f) At some time between 2017 and 2018, the exact date being unknown, T attempted to cease all communications with the Defendant. The Defendant

became upset as a result. The Defendant then threatened to expose messages and screenshots he had saved to document their prior online sexual relationship to T's family members when T did not answer him or refused to pay him as requested. T continued to meet the Defendant's monetary demands from this period forward out of fear that his private sexual relationship with the Defendant would be exposed and cause significant harm to his reputation.

(g) T habitually asked the defendant to stop contacting him in 2018 and continued to do so into 2019. T informed the Defendant he did not have sufficient funds to pay his demands and attempted to block the Defendant's phone number multiple times in order to cut ties with him. In response, the Defendant contacted T from other phone numbers and continued to engage in harassing communications he knew would and did expect to cause substantial emotional distress to T.

(h) On June 26, 2018, the Defendant lied to T via electronic messaging facilitated by his use of the Square, Inc. application to induce T to pay money for fees associated with his release from custody and associated court expenses he knew to be false. The Defendant did this in furtherance of his scheme to collect money from T unlawfully.

(i) The Defendant, on two occasions in June and one occasion in July of 2019 as alleged in the Indictment, sent T a series of messages through electronic means to T's mobile phone with threats to expose copies of their previous private messages and screenshots of T's genitalia the Defendant saved to damage T's reputation. The Defendant re-exhibited this information to T in these messages in order to make T pay money he had requested from him.

(j) The Defendant received a total of approximately $468,418.00 from T between December of 2015 and July of 2019; however, a significant amount of that total was paid by T to the Defendant voluntarily at times between 2015 and 2018.

(k) The Defendant knew messages and screenshots he had saved to document his prior online sexual relationship with T, if exposed, had the potential to cause significant harm to T's reputation. He used this information and his promise to delete them to induce T to pay him on multiple occasions beginning in 2017 or 2018, the exact date being unknown, and continuing until law enforcement intervened in July of 2019.

(l) The Defendant understands and agrees that the United States could prove beyond a reasonable doubt that the instances of electronic funds transfers and

use of third party electronic platforms including but not limited to Square Cash, Apple Cash, Google Wallet, and Western Union referenced in the Indictment, were wire communications that affected interstate commerce and the Defendant caused money to be transmitted to him through these mechanisms from the Eastern District of Kentucky to and through various other locations within the United States outside the state of Kentucky and to the Commonwealth of Pennsylvania in furtherance of his scheme.

5. The statutory punishment for Count 4 is imprisonment for not more than 20 years, a fine of not more than the greater of $250,000.00 or twice the gross financial gain or loss, and a term of supervised release of not more than 3 years. The statutory punishment for Count 8 is imprisonment for not more than 5 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 3 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes any harassing communications sent to T between 2017 and 2019, each unlawful transfer of funds the Defendant induced through myriad mechanisms in varying amounts in furtherance of his wire fraud scheme during the period relevant to the indictment, and the direct pecuniary harm the Defendant caused T as a reasonably foreseeable consequence of his acts.
>
> (c) Pursuant to U.S.S.G. § 2A6.2(a), the base offense level is 18.
>
> (d) Pursuant to U.S.S.G. § 2A6.2(b)(1)(E), according to the United States, increase the offense level by 2 levels for a pattern of activity involving stalking, threatening, or harassing the same victim. The Defendant disagrees

4

and reserves the right to argue against this specific offense characteristic at sentencing.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 5E1.1, restitution is greater than $60,000 but less than $250,000.00, with the specific amount to be determined by the Court at sentencing, and the victim is T, known to the United States Attorney and the Defendant, with an address in the Eastern District of Kentucky.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing except that the Defendant may appeal the length of the term of imprisonment if the length of imprisonment term exceeds 18 months and the Defendant may appeal any order of restitution ordered by the Court in excess of $75,000.00. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the

order setting conditions of release.

11. The Defendant also consents to the imposition of a forfeiture money judgment in the amount of proceeds that the Defendant obtained as a result of the offenses to which he is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency

during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

  13. The Defendant agrees to pay restitution in the amount and to the victim as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3); provided however, that the parties agree that the restitution amount is not less than $60,000 and not more than $250,000. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis. The Defendant acknowledges that the victim in this case, T, has been convicted and sentenced by this Court in another criminal case, pursuant to which T is also obligated to pay restitution. The Defendant consents to any order or judgment entered by the Court providing that his restitution payments may be directed to T's victim, so long as any such payments are credited against the Defendant' restitution obligations.

  14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea

agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule

of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. By no later than ten days prior to sentencing, the Defendant agrees to pay $5,000.00, by certified check or money order made payable to the "Clerk, U.S. District Court," to be deposited into the Court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of the Defendant, pursuant to the judgment of the Court.

17. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the

Defendant waives any right to challenge the initiation of additional federal charges.

18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

19. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

20. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: August 31, 2023    By: _____
                              Tashena A. Fannin
                              Assistant United States Attorney

Date: 9-5-2023           _____
                              Austin Michael Genay
                              Defendant

Date: 9/5/2023           _____
                              Edward M. Thompson
                              Attorney for Defendant

Date: 9/5/23             _____
                              Doreen Helen-Marie Thompson
                              Attorney for Defendant

10